**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4271**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JACQUELINE GUADALUPE ALONZO-ARTEGA,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:21-cr-00227-NCT-4)

Submitted:  June 30, 2023                        Decided:  July 26, 2023

Before HARRIS and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  George E. Crump, III, Rockingham, North Carolina, for Appellant.  Tanner Lawrence Kroeger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jacqueline Guadalupe Alonzo-Artega (Artega) pled guilty to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). The district court calculated an advisory Sentencing Guidelines range of 70 to 87 months, granted a downward variance, and sentenced Artega to 68 months' imprisonment. On appeal, Artega's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but raising as an issue for review whether the district court erred in imposing an unreasonable sentence. Artega was informed of her right to file a pro se supplemental brief, but she has not done so. The Government declined to file a brief. We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard," *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted), for procedural and substantive reasonableness, *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020). In evaluating procedural reasonableness, we consider whether the district court properly calculated the defendant's Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 668-69. When rendering a sentence, the district court must make an individualized assessment based on the facts presented, state in open court the reasons supporting its chosen sentence, address the parties' nonfrivolous arguments in favor of a particular sentence and, if it rejects them, explain why in a manner allowing for meaningful appellate review. *United States v. Provance*, 944 F.3d

2

213, 218 (4th Cir. 2019).  If there are no procedural errors, we then consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).  "A sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable."  *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted).  "On appeal, such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors."  *Id.* (cleaned up).

We conclude that Artega's sentence is not unreasonable.  The district court correctly calculated Artega's Guidelines range, afforded counsel an opportunity to argue, and heard allocution from Artega.  The court then granted Artega's request for a downward variance and sentenced her to 68 months' imprisonment.  The court reasoned that this sentence was sufficient but not greater than necessary to provide just punishment for a serious offense and to afford adequate deterrence to criminal conduct in light of Artega's history and characteristics, while also accounting for her early and truthful cooperation with law enforcement.  *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(B).  This explanation adequately supports Artega's sentence.

Counsel suggests that Artega's sentence is unreasonable given the nature of her criminal history, her cooperation with law enforcement, and her dependence on her co-defendant and argues that a sentence of 53 months would not have been unreasonable.  Because the district court properly relied on relevant § 3553(a) considerations in granting

3

Artega's request for a downward variance, we see no reason to second guess the presumption that Artega's below-Guidelines sentence is substantively reasonable. *See Bennett*, 986 F.3d at 401.

In accordance with *Anders*, we also have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Artega, in writing, of the right to petition the Supreme Court of the United States for further review. If Artega requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Artega.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*